OWEN DONNEGAN, Appellant, *v.* JOEL B. ERHARDT, as Receiver, etc., Respondent.

A railroad corporation, for the safety of its passengers as well as its employes, is bound to use suitable care and skill in furnishing not only adequate engines and cars, but also a safe and proper track and road-bed. The track must be properly laid, the road-bed properly constructed, and reasonable prudence and care exercised in keeping the track free from obstructions, animate and inanimate, and if, from want of proper care, such obstructions are permitted to be, or to come upon the track, and a train is thereby wrecked, the corporation is responsible for injuries received by any person thereon, whether passenger or employe.

In an action to recover damages for injuries received by plaintiff, who was a brakeman in the employ of defendant, it appeared that the injuries were caused by a collision in the night-time between the train upon which plaintiff was employed and a horse which plaintiff claimed came upon the track through defendant's negligence in permitting the fence along its road to become out of repair. The case was submitted to the jury, with instructions that if the horse came upon the track through a fence which defendant was bound to maintain and keep in repair, and which was negligently permitted to be out of repair, plaintiff could recover. *Held*, no error.

*Langlois* v. *B. & R. R. R. Co.* (19 Barb. 364), so far as it holds otherwise, overruled.

Under the provision of the General Railroad Act (§ 44, chap. 140, Laws of 1850), requiring railroad corporations to build and keep in repair fences on the sides of their roads, and providing that they "shall be liable for damages which shall be done * * * to any cattle, horses, sheep or hogs thereon," an absolute duty is imposed upon said corporations to fence their tracks, not simply to protect the lives of animals, but also to protect persons upon their trains, and for violation of said statutory duty, causing injury, such a corporation is liable.

*It seems* that, independent of the statute, a jury may find that it is the duty of a railroad company to fence its track to guard against such dangers.

*Donnegan* v. *Erhardt* (23 J. & S. 502), reversed.

(Argued January 30, 1890; decided February 25, 1890.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made the first Monday of March, 1888, which reversed a judgment in favor of plaintiff entered upon a verdict, and ordered a new trial.

The nature of the action and the material facts are stated in the opinion.

*Hector M. Hitchings* for appellant. The order granting the new trial in this action is appealable and this court will review the decision of the General Term with the same thoroughness as if the appeal were from a judgment. (Code, §§ 190, 191, 1318; Baylies on N. T. & App. 145, 232; *Pharis* v. *Gere*, 112 N. Y. 411; *Williams* v. *W. U. T. Co.*, 93 id. 162; *Scott* v. *Morgan*, 94 id. 508, 514; *Clude* v. *Emmerich*, 26 Hun, 10; *Tomlinson* v. *Mayor, etc.*, 44 N. Y. 601; *People* v. *Boas*, 92 id. 563; *Harris* v. *Burdett*, 73 id. 136.) The statute compelling railroad companies to erect and maintain fences and cattle-guards was passed for the benefit of the traveling public as well as farmers contiguous thereto, and is not limited in its scope and effect by the penalty set out therein. (*Corwin* v. *N. Y. & E. R. R. Co.*, 13 N. Y. 42, 47; *Shephard* v. *B. & E. R. R. Co.*, 35 id. 641; *Brown* v. *N. Y. C. R. R. Co.*, 34 id. 404; *Staats* v. *H. R. R. R. Co.*, 3 Keyes, 196, 201; *Purdy* v. *N. Y. & N. H. R. R. Co.*, 61 id. 353; *Graham* v. *D., L.*

& *W. R. R. Co.*, 46 Hun, 386 ; Boone on Corp. § 253 ; *Suydam* v. *Moore*, 8 Barb. 258 ; *Waldron* v. *R. & S. R. R. Co.*, Id. 390.) This statute being remedial, is not to be construed strictly against passengers, employes or farmers, but should receive a liberal construction to effectuate the benign purposes. of its framers, and a strict construction only against the railroad company that fails to comply with its requirements. (*Tracy* v. *T. & B. R. R. Co.*, 38 N. Y. 433, 437 ; *Brace* v. *N. Y. C. & H. R. R. R. Co.*, 27 id. 269, 272 ; *Burchfield* v. *N. C. R. Co.*, 57 Barb. 589.) The statute imposes upon railroad companies the duty not only to erect proper fences of the height and strength of division fences, but also to maintain and keep the same in perfect repair. (*Stauts* v. *H. R. R. R. Co.*, 3 Keyes, 196 ; *Spinner* v. *N. Y. C. R. R. Co.*, 6 Hun, 600 ; Boone on Corp. § 253.) The General Term are in error in the proposition that as, before the statute, the law had not made it incumbent upon the railroad company to fence, after the statute, the only actions upon it are those described in the statute. (*Durkin* v. *Sharp*, 88 N. Y. 225 ; *Pantzar* v. *T. F. I. M. Co.*, 99 id. 368 ; *Kain* v. *Smith*, 89 id. 375 ; *O'Donnell* v. *A. R. R. Co.*, 59 Penn. St. 239 ; *Snow* v. *H. R. R. Co.*, 8 Allen, 441 ; *Ryan* v. *Fowler*, 24 N. Y. 410 ; *Hawley* v. *N. C. R. R. Co.*, 82 id. 370 ; *Holbrook* v. *U. & S. R. R. Co.*, 12 id. 236 ; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 id. 300 ; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 154 ; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562 ; *Willey* v. *Mullely*, 78 id. 314 ; *Graham* v. *D. & H. C. Co.*, 46 Hun, 386 ; *Massoth* v. *D. & H. C. Co.*, 64 N. Y. 531 ; *Beiseigel* v. *N. Y. C. R. R. Co.*, 14 Abb. [N. S.] 29 ; *Knupffle* v. *K. I. Co.*, 84 N. Y. 491 ; *Thomas* v. *U. R. R. Co.*, 97 id. 248 ; *Brown* v. *N. Y. C. R. R. Co.*, 34 id. 404 ; *Jones* v. *Seligman*, 81 id. 190.) Although an employe at the time of entering the service of a railroad company must be deemed to assume the ordinary risks incident. to the service, the employer cannot avail himself of this assent unless he has taken reasonable precautions to insure the employe's safety while in the performance of the duties, assigned him. The principle, therefore, has no application

where the injury is traced to the employer's personal failure to take such precautions, nor where he knew of the existence of such a danger of which the servant has no means of knowledge. (*Durkin* v. *Lambert*, 88 N. Y. 225; *Dana* v. *N. Y. C. & H. R. R. R. Co.*, 92 id. 639; *Slater* v. *Jewett*, 85 id. 61; *Pantzar* v. *T. F. M. Co.*, 99 id. 368, 372; *Stringham* v. *Stewart*, 100 id. 516, 526; *Benzing* v. *Steinway*, 101 id. 547, 552; *B., O. & C. R. R. Co.*, v. *Rowan*, 1 West. Rep. 916.) The failure to fence and build proper cattle-guards was the proximate cause of the injury complained of. (*Lilly* v. *N. Y. C. & H. R. R. R. Co.*, 107 N. Y. 566, 574; S. & R. on Neg. 8, § 10; *Harvey* v. *N. Y. C. & H. R. R. R. Co.*, 19 Hun, 560; *L. & N. R. R. Co.* v. *Jones*, 3 R. & C. L. Jour. 495; *Brehm* v. *G. W. R. R. Co.*, 34 Barb. 264, 276; *Flike's Case*, 53 N. Y. 549; *Brown* v. *N. Y. C. R. R. Co.*, 34 id. 404.) There was no negligence on the part of a co-employe that exempts the defendant from liability. (Deering on Neg. 202; *Conlin* v. *S. F. & R. R. Co.*, 36 Cal. 404; *McKyring* v. *Bull*, 16 N. Y. 297; *O'Mara* v. *T. R. R. Co.* 38 id. 448; *Durkin* v. *Sharp*, 88 id. 225; *Lansing* v. *N. Y. C. R. R. Co.*, 49 id. 521, 532; *Mann* v. *Prest., etc.*, 91 id. 495, 500; *Pantzar* v. *T. F. M. Co.*, 99 id. 371, 372; *Stringham* v. *Stewart*, 100 id. 526; *Benzing* v. *Steinway*, 101 id. 547; *Loughlin* v. *State*, 105 id. 162; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 546; *Fuller* v. *Jewett*, 80 id. 546; *Cone* v. *D. L. & W. R. R. Co.*, 81 id. 206, 209.)

*Sherman Evarts* for respondent. At common law there was no duty imposed upon a railroad company to fence the sides of its tracks or use any means for keeping cattle from its property, and the plaintiff would have no right against the company for such failure. (*Corwin* v. *R. R. Co.*, 13 N. Y. 42; *Springer* v. *R. R. Co.*, 67 id. 153; *Munger* v. *R. R. Co.*, 4 id. 349; *Langlois* v. *B., etc., R. R. Co.*, 19 Barb. 364.) The statute does not impose a general liability for failure to fence. (*Munger* v. *R. R. Co.*, 4 N. Y. 349; Laws of 1854, chap. 282, § 7; *Stevens* v. *Jeacock*, 11 Q. B. 731; *Stafford* v.

*Ingersoll*, 3 Hill, 41; *Olney* v. *Harris*, 5 Johns. 175; *Conch* v. *Steel*, 3 Ed. & B. 402; *Atkinson* v. *N.*, etc., *Co.*, L. R. [2 Exch. Div.] 441; *Knight* v. *R. R. Co.*, 99 N. Y. 25.) Under the authorities bearing upon the point to be considered in this case, the court must exclude a general liability in civil actions under the act. (*Langlois* v. *B. & R. R. R. Co.*, 19 Barb. 364; *Knight* v. *N. Y.*, etc., *R. R. Co.*, 99 N. Y. 25; *Moore* v. *Gadsden*, 93 id. 12; *Atkinson* v. *W. W. Co.*, L. R. [2 Exch. Div.] 441.)

EARL, J. While the plaintiff, in 1887, was in the employ of the defendant as a brakeman upon a train of cars in the night-time, the train came in collision with a horse upon the railroad track, and was thereby wrecked, and he was seriously injured. He brought this action to recover damages for his injuries, claiming that the horse got upon the railroad track because the defendant had carelessly and negligently permitted the fence along the railroad to become ruinous, broken down and out of repair; and that it had, therefore, violated the duty imposed upon it by section 44 of the General Railroad Act of 1850 (Chap. 140), which requires every railroad company to build and maintain fences on the sides of its road of the height and strength of division fences; and that so long as such fences and cattle-guards shall not be made, and when not in good repair, such railroad corporation and its agents shall be liable for damages which shall be done by the agents or engines of any such corporation to any cattle, horses, sheep or hogs thereon.

The claim of the defendant was that, at common law, independently of the statute, the railroad company would not have been liable for the accident which happened to the plaintiff, and that the statute specified the extent of the liability imposed upon a railroad corporation for its omission to build or maintain fences, and that thus it was liable only for damages done to animals coming upon the railroad track through a defective fence. The trial judge, however, submitted the case to the jury, and instructed them that if this horse came upon the

railroad through a fence which the defendant was bound to maintain and keep in repair, and which was negligently permitted to be out of repair, the plaintiff could recover, and the jury rendered a verdict in his favor. From the judgment entered upon the verdict, the defendant appealed to the General Term, and there the judgment was reversed upon the ground that the only responsibility of a railroad company for defective fences is that mentioned in the statute, and that at common law, independently of the statute, a railroad company would not have been liable to the plaintiff for the injuries sustained by him.

We think the learned General Term fell into error. A railroad company, for the safety of its passengers as well as its employes upon its engines and cars, is bound to use suitable care and skill in furnishing, not only adequate engines and cars, but also a safe and proper track and road-bed. The track must be properly laid and the road-bed properly constructed, and reasonable prudence and care must be exercised in keeping the track free from obstructions, animate and inanimate; and if, from want of proper care, such obstructions are permitted to be or come upon the track, and a train is thereby wrecked, and any person thereon is injured, the railroad company, upon plain common-law principles, must be held responsible. Experience shows that animals may stray upon a railroad track, and that if they do there is danger that a train may come in collision with them and be wrecked. Adequate measures, reasonable in their nature, must be taken to guard against such danger. Independently of any statutory requirement, a jury might find, upon the facts of a case, that it was the duty of a railroad company to fence its tracks to guard against such danger.

But whatever the rule would be independently of the statute, there is no reasonable doubt that it imposes the absolute duty upon a railroad company to fence its tracks. That duty, it is reasonable to suppose, was imposed not only to protect the lives of animals but also to protect human beings upon railroad trains. It is made an unqualified duty, and for a violation

thereof causing injury the railroad company incurs responsibility. The sole consequence of an omission of the statutory duty is not specified, and was not intended to be specified in the statute. Responsibility for injuries to animals was specially imposed, because in most cases there would, independently of the statute, have been no such responsibility, as at common law the owner of animals was bound to restrain them, and if they trespassed upon a railroad there was no liability for their destruction, unless it was wilfully or intentionally caused.

We are, therefore, of opinion that the railroad company was responsible to the plaintiff for the injuries received without any fault on his part, and for this conclusion there is much authority in judicial utterances to be found in the books. (*Corwin* v. *N. Y. & E. R. R. Co.*, 13 N. Y. 42; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 162; *Staats* v. *H. R. R. R. Co.*, 3 id. 196 ; *Brown* v. *N. Y. C. R. R. Co.*, 34 N. Y. 404 ; *Shepard* v. *B, N. Y. & E. R. R. Co.*, 35 id. 641 ; *Purdy* v. *N. Y. & N. H. R. R. Co.*, 61 id. 353 ; *Jones* v. *Seligman*, 81 id. 190 ; *Graham* v. *D. & H. C. Co.*, 46 Hun, 386.)

The case of *Langlois* v. *Buffalo & Rochester Railroad Company* (19 Barb. 364), so far as it holds a different doctrine, does not meet with our approval.

The order of the General Term should, therefore, be reversed and the judgment entered upon the verdict affirmed, with costs.

All concur.

Order reversed and judgment affirmed.