## SWEETLAND v. THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY.

CONSTITUTIONAL LAW—RAILROAD STOCK KILLING ACT.

The act of 1891 (Sess. Laws 1891, p. 281) relating to the recovery of damages, etc., for live stock killed by railroad companies, is unconstitutional.

*Error to the County Court of El Paso County.*

Mr. JOHN HIPP, for plaintiff in error.

Mr. CHARLES E. GAST, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This action was instituted for the recovery of damages for stock killed by The Atchison, Topeka & Santa Fé Railroad Company, and for attorney's fees. It is founded upon the act of 1885, as amended in 1891. Session Laws 1891, p. 281.

Two causes of action are stated in the complaint. In the first the defendant company is charged with killing certain high grade cattle, the property of plaintiff in error. The second cause of action is like the first. It is founded upon the killing by the Railroad Company of another animal upon a different date. Plaintiff sues to recover double the value of the stock so killed, with an attorney's fee of fifty (50) dollars upon each cause of action.

To this complaint the Railroad Company filed a general demurrer. After argument, this demurrer was sustained, and the plaintiff electing to abide by his complaint, judgment was entered dismissing the action, and the case was brought here upon writ of error.

In the case of *Wadsworth v. The Union Pacific Ry. Co.*, 18 Colo. 600, the constitutionality of the stock act of 1885 was carefully considered. As a result, the act was declared to be in violation of the constitutional provision, guaranteeing to all parties " the equal protection of the laws," and as

that statute did not require the fencing of railways, it was held there was no basis for the penalty fixed by the act, and that the statutory method for enforcing liability as indemnity was in violation of constitutional rights.

Attention was then called by the court to statutes requiring railroad companies to fence their rights of way and making them liable for stock killed, with a penalty in case of noncompliance, which had been upheld by the highest courts in the land, and the differences between those statutes and the act of 1885 was clearly pointed out. The opinion in that case was not announced, however, until the April term of the court, A. D. 1893, while the act upon which reliance is placed to support the present action was passed in 1891. This act is not essentially different from the act of 1885, in so far as the objectionable features pointed out in the *Wadsworth Case* are concerned. Since that decision, the court of appeals has, upon similar reasoning, declared the act of 1891 unconstitutional. *Rio Grande Western Ry. Co. v. Vaughn*, 3 Colo. App. 465; *D. & R. G. Ry. Co. v. Outcalt*, 2 Colo. App. 395.

For the reasons given in the cases cited, it will be seen that the act of 1891 is in violation of both the federal and state constitutions. The judgment of the district court is accordingly affirmed.

*Affirmed.*