fact for the jury. Nor does May v. Walter, 56 N. Y. 8, sustain the contention of the appellant. In that case the plaintiff's title to the property which he had purchased of the debtor was challenged by the defendant, who was sheriff of the county of Kings, under an attachment against Giesman, and the sheriff represented a creditor of Giesman; and it appeared in that case that the goods which the plaintiff had purchased of Giesman had not come into the plaintiff's possession until after the attachment had been issued under which they were taken by the defendant. We are of the opinion that the case was properly disposed of by the learned referee, who delivered an interesting opinion upon several questions arising upon the hearing.

Judgment affirmed, with costs. All concur.

---

(8 App. Div. 382)

RICHMOND v. NEW YORK CENT. & H. R. R. Co.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

MASTER AND SERVANT—NEGLIGENCE OF MASTER—INJURIES TO SERVANT.

A railroad company is not liable to a brakeman who was thrown from the top of a car by a wire which had been stretched over the track by a third person, and had sagged down in consequence of its fastenings having been loosened by a storm, where there was no evidence that the company consented that the wire should cross its track, or had any interest in or connection with the wire.

Appeal from circuit court, Onondaga county.

Action by Thomas W. Richmond against the New York Central & Hudson River Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff for $500, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Reversed.

Plaintiff's complaint alleges that he was in the employ of the defendant as a freight brakeman on the 29th day of July, 1894, and at the time of the injuries of which he complains he was middle brakeman on a freight train running westward through the village of Canajoharie, and that he was standing on top of one of the freight cars, "when suddenly he ran and was carried against a wire which was suspended in midair over said railroad track, and at said village of Canajoharie, and over the car on which he was standing; that he was caught by said wire, and dragged and lifted from said car to another car, and thrown upon the same with great violence, receiving the injuries" which are stated. The complaint alleges that the defendant was guilty of carelessness and negligence which caused or contributed to the accident "in that it and they caused or suffered said wire to be strung or suspended across or over its said railroad track in a careless and negligent manner; that it was carelessly and negligently attached or fastened to the limbs of growing trees on either side of said railroad track, in a careless and negligent manner, so much so that when the wind blew, or the said trees or limbs were otherwise caused to move or sway, that said wire was liable to become loosened from said limbs or said trees, or the brackets on which they were attached were liable to become loosened from said limbs, so that the wire would drop down for some distance, and so low that it would become a dangerous obstruction to brakemen standing on freight cars passing under said wire." It is also alleged that the defendant "had due and sufficient notice that it was suspended over said railroad track, and that it was suspended in a careless and negligent manner, and in a manner which would cause it to become a dangerous obstruction to its employés and brakemen standing on the tops of trains passing under said wire."

The defendant, in its answer, admits that it is a domestic railroad corporation engaged as lessee and operating the West Shore Railroad, extending easterly and westerly through the village of Canajoharie; and that the plaintiff, was in the employ of the defendant as freight brakeman on the 29th day of July, 1894. At the close of the plaintiff's evidence the defendant moved for a nonsuit on the grounds: "(1) That there has been no negligence proven in this case on the part of the defendant; (2) that the falling of the wire as described by the witnesses was without the fault of the defendant, and the defendant is not chargeable for any injury which may have resulted therefrom." The motion was denied, and an exception was taken. At the close of the whole evidence the motion was renewed on the grounds already stated, and on the further ground that "there is no proof of any negligence, or of that negligence in this case on the part of the defendant which makes the defendant liable to the plaintiff for the injury on this occasion." The motion was denied and an exception was taken. The court was requested to charge: "If this wire was erected without the affirmative knowledge and consent of the defendant, and did not appear dangerous to ordinary inspection, then the defendant is not liable." There was a refusal and an exception. The defendant appeals from the order and from the judgment entered upon the verdict.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Frank Hiscock, for appellant.
M. E. Driscoll, for respondent.

HARDIN, P. J. Ten Eyck was in the livery business at the time of the accident, having a stable on the north side of the railroad track, and plaintiff received the injuries complained of about 3 o'clock on the afternoon of ·Sunday, July 29th. They were caused by the wire, which had sagged so that when he was passing under it it came in contact with his body, and carried him from the car on which he was standing to the one next in the rear thereof, causing the injuries of which he complains. The wire had fallen in consequence of a storm that had recently, within the space of about an hour, taken place, the fastenings of one end thereof having been detached from the tree; and from the fact that the smokestack of the engine had passed along and did not come in contact with the wire, it is inferable that it had sagged after the engine had passed, and before that part of the train came under the wire on which the defendant was standing. The wire was placed up some 30 feet above the track at the instigation of Ten Eyck, who employed Nott. and Smith to do the work of stringing the wire. There is no evidence in the case to indicate that the defendant ever gave any consent that the wire should cross over its property, or the property of which it was lessee. There is no evidence to indicate that the defendant had any interest in the wire, or the use thereof, or took any part by itself or any of its agents in stringing the wire across its roadbed. Neither of the trees upon which the wire was strung stood upon the land of the defendant or its lessee. The train consisted of about 60 cars, and was passing around a curve, and the plaintiff seems to have stood looking towards the rear of the train at the time when he was caught by the wire, and did not see or know of its presence until his body came in contact with it. Ten Eyck's livery stable was on the north side of the tracks, and the hotel to which the wire was

strung was on the south side of the tracks. The wire was attached to the cornice of a shed, and then to the limbs of an elm tree north of the track, about 30 feet high, then to the limb of an elm tree diagonally across the tracks, about 30 feet high, from which it continued to the hotel; and the trees were about 135 feet apart. Apparently the wind which occurred just before the accident caused the bracket on the north tree to which the wire was attached to become loosened from the tree, so that the wire sagged down. Brackets were nailed to the limbs of the elm trees several feet from the trunks of the trees upon limbs that were three or four inches in diameter. Insulators were fastened on the brackets and the wire passing thereto in such a manner that there was no reasonable room for play when the branches swayed. The wire was broken at the time of the accident and the bracket on the north side remained attached to the wire. There was no evidence given upon which the defendant could be charged with any act or transaction in connection with placing the wire across its property. We think the evidence was insufficient to charge the defendant with notice or knowledge that the wire was insecurely placed, and that it was attached in an improper manner, or that it was left in a dangerous condition after the employés of Ten Eyck had placed the same there by the direction of Ten Eyck. In Wright v. Railroad Co., 25 N. Y. 566, Allen J., said:

"If the injury arises from a defect or insufficiency in the machinery or implements furnished to the servant by the master, knowledge of the defect or insufficiency must be brought home to the master, or proof given that he was ignorant of the same, through his own negligence and want of proper care; in other words, it must be shown that he either knew or ought to have known the defects which caused the injury. Personal negligence is the gist of the action."

That doctrine was approved in Warner v Railway Co., 39 N. Y. 478. The duty of the defendant in furnishing a reasonably safe place for the discharge of the duties of the employé was to exercise ordinary prudence,—such prudence as a man of ordinary care and caution would exercise in the same line of business acting with regard to his own safety, were he to occupy the place himself. Carlson v. Bridge Co., 132 N. Y. 273, 30 N. E. 750. Apparently the wire had been placed in position by a competent and skillful person, and the evidence does not disclose that anything had occurred which was calculated to give notice or knowledge to the defendant of any unsafety in the condition of the wire. See Birmingham v. Railroad Co., 137 N. Y. 13, 32 N. E. 995.

Respondent calls our attention to Vosburgh v. Railroad Co., 94 N. Y. 374, and we find, on examination of the case, that it differs very essentially from the one before us. In that case the bridge, at the time of the purchase thereof by the defendant, was unsafe and dangerous by reason of defects in its original build and construction, "and such defects were obvious to the eye of a skilled inspector, and could have been easily and surely ascertained by proper examination." Respondent also calls our attention to Dohnegan v. Erhardt, 119 N. Y. 468, 23 N. E. 1051. Upon an inspection of that case, we find that the defendant is required to exercise

reasonable prudence and care in keeping the track free from obstructions, animate and inanimate; and the particular facts disclosed in that case to charge the defendant with negligence related to its omission to comply with the statute, which requires every railroad company to build and maintain fences on the sides of its road. We think there was not sufficient evidence of any neglect of duty on the part of the defendant in respect to the wire in question to warrant the court in denying the motion for a new trial.

Judgment and order reversed, and a new trial ordered, with costs to abide the event. All concur.