Bissell, J.
This appeal comes from the district court of Pueblo county, and is based on a judgment entered on a demurrer to a complaint filed by Thompson, wherein he undertook to set up some eighteen different causes of action. Without attempting to state exactly the contents of the complaint, it suffices to say generally that each cause of action substantially alleged that the defendant was a railroad company organized under the laws of the state, and that on a date named Carl Stanley was the owner of an animal of a definite schedule value according to the statute, winch without Stanley’s fault strayed on the tracks of the defendant, and without his negligence was run over and killed by a train operated by the defendant company to his damage in a stated sum; that afterwards Stanley assigned the claim to the plaintiff' who made a demand for the schedule value of the animal, and that the défendant refused to pay. This is the substance of each allegation. The animals were cows, steers and heifers and one or two horses and for the value of the animals stated, together with the statutory interest allowed thereon the plaintiff prayed judgment.
The principal question argued on the appeal by both sides is as to the constitutionality of the statute of 1893, Session Laws of 1893, chap. 137, p. 406, which is an' amendment to the acts of 1885 and 1891. There is a preliminary question suggested by the appellant which we think is well raised, whereby it attacks the sufficiency of the complaint because of the failure of the pleader to allege the negligence of the railroad company. The pleader proceeded on the hypothesis that since the statute declared that the railroad company should be liable where the stock was killed by its negligence, and the burden of proof to show the absence of negligence should be on the defendant, he was thereby excused to allege negligence as part of his statement of a cause of action. We do not think this position well taken because, if the statute be constitutional, in order to state a case at the common law *3 and. permit him to recover on proper proof, it was and is undoubtedly essential to state that the stock was killed by the negligence of the defendant company regardless of the provision that the burden of proof respecting the existence or nonexistence of this1 fact was put on the company. If, however, the statute is held unconstitutional, as it must be under the antecedent decisions of the supreme court and of this, the provision respecting the burden of proof would undoubtedly become inoperative.
We are wholly unable to see that the legislature has cured the difficulties which we have decided inhered in the acts of 1885 and 1891. These two statutes have been repeatedly before both courts for consideration and they have concurred in their adjudications that the acts are unconstitutional in form and in principle and cannot be upheld. D. & R. G. Ry. Co. v. Outcalt, 2 Colo. App. 395; R. G. Western Ry. Co. v. Vaughn, 3 Colo. App. 465; R. G. Western Ry. Co. v. Whitson, 4 Colo. App. 426 ; Wadsworth v. U. P. Ry. Co., 18 Colo. 600;. U. P. Ry. Co. v. Kerr, 19 Colo. 273; Sweetland v. A., T. & S. F. R. R. Co., 22 Colo. 220.
Since this question of constitutionality may be finally determined by-the supreme court, we deem it enough to state that in our opinion the defects of the various stock-killing acts of this state have not been cured by the act of 1893 and that the reasons on which the decisions respecting the uneonstitutionality of the acts of 1885 and 1891 were rested are entirely applicable to the interpretation of the later act. The judgment entered on the demurrer will therefore be reversed and the cause remanded.
We deem it proper, however, to suggest to the lower court to save the plaintiff whatever rights he may have, if any, to permit him to amend his complaint so as to state a cause of action based on the negligence of the defendant company if the facts warrant it and he be so advised.

Reversed and remanded.