It seems to me quite clear that the intent of section 32 of the liquor tax law to invalidate all claims for the purchase price of liquor sold on credit over the bar might be to a great extent defeated if it were held that a promissory note given for the price of liquor thus sold was a valid and enforceable obligation. The authorities cited suffice to show that the term "securities," as used in the statute, is broad enough to include promissory notes, and I have no doubt that it should be so construed.

I recommend an affirmance of this judgment.

**Judgment of Municipal Court affirmed, with costs. All concur.**

---

(89 App. Div. 386.)

MENDIZABAL v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. INJURIES TO RAILROAD EMPLOYÉ—COMPANY'S LIABILITY—OBSTRUCTIONS ON TRACK.

A railroad company is liable to an employé who has not assumed the risk for failure to exercise a reasonable degree of care in keeping the track free from obstructions, and in the case of cattle on the track this liability is not controlled by the absence of a statutory duty to guard against the same by fences.

2. SAME—EVIDENCE OF NEGLIGENCE—SUFFICIENCY.

Evidence in an action by a railroad employé for personal injuries caused by the derailment of a work train in running over a cow examined, and *held* sufficient to establish defendant's negligence.

3. SAME—NEGLIGENCE.

Where a minor 19 years old was so injured that his left arm and left leg were necessarily amputated, a verdict of $17,793.33 was not excessive.

Appeal from Trial Term, Westchester County.

Action by Eligio Mendizabal, an infant, by Thomas E. Summers, his guardian ad litem, against the New York Central & Hudson River Railroad Company, for personal injuries. From a judgment for plaintiff for $17,793.33, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

John F. Brennan, for appellant.
Cornelius O'Connor, for respondent.

HIRSCHBERG, J. The plaintiff, a minor 19 years of age, was employed by the defendant as a workman on a construction train running on a branch single-track road about 12 to 14 miles in length between Mahaffy and Carmoyle, in the state of Pennsylvania. On the 24th day of September, 1902, the train was made up of an engine and caboose and three flat cars, which latter were loaded with gravel, slate, and stone, to be distributed along the line. On the day mentioned the train left Mahaffy at 7 o'clock in the morning, the engine

¶ 1. See Master and Servant, vol. 34, Cent. Dig. §§ 213, 222.

being stationed at the rear and pushing the train, and the plaintiff being seated upon one of the flat cars by direction of the foreman in charge of the work. A few minutes after the train started it ran over a cow which was grazing upon the track, the caboose and flat cars were lifted and derailed, and the plaintiff was so severely injured that both his left arm and his left leg were required to be amputated. There was sufficient evidence that the danger was reasonably to have been anticipated. Cows frequently trespassed upon the track at all points, including the precise place where the accident occurred, and there was nothing in the way of fences or cattle guards to prevent them. Under the circumstances the jury was entitled to find that it was not reasonable care to run the train backward, so that the engineer could not instantly see and avoid the menace which the presence of cattle upon the track afforded, and so that the train was deprived of the aid of the cowcatcher in case of unavoidable collision. There was no direct evidence that the train was ever run backward during the period of the plaintiff's employment and while he was upon it prior to the occasion in question. There was evidence given on the part of the defendant that it was customary upon this road to run the construction trains either way, but no witness testified that the train was ever in fact run backward to the plaintiff's knowledge, in accordance with such custom, during the few months of his employment, excepting upon September 24, 1902. On the other hand, the plaintiff testified that he had never seen it done until on the morning of the accident, and two witnesses in his behalf testified that on all prior occasions the locomotive drew, and did not push, the train.

That the defendant may be held liable to an employé who has not assumed the risk for a failure to exercise a reasonable degree of care in keeping the track free from obstructions is undoubted. Donnegan v. Erhardt, 119 N. Y. 468, 23 N. E. 1051, 7 L. R. A. 527; True v. Lehigh Valley R. R. Co., 22 App. Div. 588, 48 N. Y. Supp. 86; Terre Haute & I. R. Co. v. Williams, 172 Ill. 379, 50 N. E. 116, 64 Am. St. Rep. 44; Dickson v. Omaha & St. L. R. Co., 124 Mo. 140, 27 S. W. 476, 25 L. R. A. 320, 46 Am. St. Rep. 429; Lackawanna R. R. Co. v. Chenewith, 52 Pa. 382, 387, 91 Am. Dec. 168. Nor is it controlling that no statutory duty exists to guard against cattle by fencing. In the Donnegan Case, supra, the plaintiff was a brakeman in the defendant's employ, and the court, in affirming a judgment recovered by him, said (page 473, 119 N. Y., page 1051, 23 N. E., 7 L. R. A. 527):

"A railroad company, for the safety of its passengers as well as its employés upon its engines and cars, is bound to use suitable care and skill in furnishing not only adequate engines and cars, but also a safe and proper track and roadbed. The track must be properly laid and the roadbed properly constructed, and reasonable prudence and care must be exercised in keeping the track free from obstructions, animate and inanimate; and if, from want of proper care, such obstructions are permitted to be or come upon the track, and a train is thereby wrecked, and any person thereon is injured, the railroad company, upon plain common-law principles, must be held responsible. Experience shows that animals may stray upon a railroad track, and that, if they do, there is danger that a train may come in collision with them and be wrecked. Adequate measures, reasonable in their nature, must be taken to guard against such danger. Independently of any statutory requirement,

a jury might find, upon the facts of a case, that it was the duty of a railroad company to fence its tracks to guard against such danger."

It was certainly within the province of the jury to find in the case at bar that it was the duty of the defendant, either by fencing its track or in some other way, to guard against the constant danger created by the presence of cattle upon its track. The case was submitted to the jury in a proper charge, which left to them the determination of the defendant's negligence under all the facts, including the running of a train backwards without adequate precautions over an unguarded road, where it should have been known that trespassing cattle were likely to be encountered, and none of the points presented on the appeal demands a reversal of the result. The verdict, it is true, is quite large, but in view of the absolutely helpless condition of the plaintiff, and the years of life which probably remain to him, it cannot be regarded as excessive.

The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.