### GILL v. LOUISVILLE & N. R. CO.

(Circuit Court of Appeals, Sixth Circuit. December 12, 1908.)

No. 1,819.

MASTER AND SERVANT (§ 112*)—MASTER'S LIABILITY FOR INJURIES TO SERVANT—RAILROAD TRACKS—DUTY TO FENCE.

Neither at common law nor under Acts Tenn. 1891, p. 220, c. 101, §§ 2. 3, which provide that railroad companies shall be liable for all stock killed on their tracks if unfenced, but exempts them from such liability if their tracks are inclosed by a lawful fence, is any duty to employés imposed on a railroad company to fence its track; and it is not chargeable with liability for the death of an engineer in its employ, resulting from a collision with live stock on the track because its road was unfenced.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 222; Dec. Dig. § 112.*]

In Error to the Circuit Court of the United States for the Northern Division of the Eastern District of Tennessee.

J. W. Green, for plaintiff in error.

J. G. Johnson and J. B. Wright, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

PER CURIAM. This suit was brought by the plaintiff's intestate, an employé of the defendant railroad company, who was killed through the derailment of an engine by a collision with a cow which had strayed upon the unfenced track of the defendant. It was averred in the petition that the intestate's "death was due wholly to the carelessness and negligence of the defendant in failing to erect and maintain a fence along its said track, so as to prevent live stock from going thereon," and that the defendant "wholly failed to fence its track in Blount county [wherein the accident occurred], or to protect and guard its tracks, rails, and right of way in said county by a fence or in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

closure of any sort, in direct violation of law, and especially the fencing act passed by the Legislature of Tennessee for the protection of life and property, both on the trains and upon the tracks."

After careful consideration, the court below delivered a written opinion, reported in Gill v. L. & N. R. R. Co. (C. C.) 160 Fed. 260, in which the demurrer was sustained and time allowed to amend. It was not possible, however, to amend, and the action was dismissed. The sole question before us is whether there could be an amendment which would save the cause of action. We do not think there can be, and we fail to see the necessity for another opinion.

The judgment is therefore affirmed, upon opinion of the Circuit Court.