NIELSEN v. CHICAGO, B. & Q. R. CO.

(Circuit Court of Appeals, Eighth Circuit. May 18, 1911.)

No. 3,096.

(Syllabus by the Court.)

1. MASTER AND SERVANT (§ 112*)—FAILURE TO FENCE—LIABILITY AT COMMON LAW.

A railroad company owes no duty to its servants under the common law to fence its railroad to prevent cattle from straying upon it.

An employé has no cause of action against such a company for an injury that resulted from the derailment of a locomotive on which he was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ácting as fireman by cattle which had strayed upon an unfenced railroad.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 222; Dec. Dig. § 112.*]

2. STATUTES (§ 5*)—PROCLAMATION FOR SPECIAL SESSION—FENCING STATUTE OF COLORADO VOID UNDER—"SPECIALLY NAME."

A proclamation calling a special session of the Legislature to enact any and all legislation relating to or affecting corporations of a quasi public nature does not "specially name" legislation requiring railroad companies to fence their tracks, and chapter 1 of the Laws of Colorado of 1902 (Ex. Sess.), known as the "fencing statute," is unconstitutional and void under article 4, § 9, of the Constitution of Colorado.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 4; Dec. Dig. § 5.*]

3. COURTS (§ 366*)—CONSTRUCTION BY STATE COURT CONTROLLING IN FEDERAL COURTS.

The federal courts uniformly follow the construction of the Constitution and statutes of a state announced by its highest judicial tribunal in all cases that involve no question of general jurisprudence or commercial law and no question of right under the Constitution and laws of the nation.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 954; Dec. Dig. § 366.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

In Error to the Circuit Court of the United States for the District of Colorado.

Action by Niels Nielsen against the Chicago, Burlington & Quincy Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

W. F. Hynes and Philip Hornbein, for plaintiff in error.

Henry McAllister, Jr. (Joel F. Vaile and William N. Vaile, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. The plaintiff brought an action against the Chicago, Burlington & Quincy Railroad Company for damages caused, as he alleged in his complaint, by the failure of the company to fence its railroad in Colorado between Lafayette and Denver through an agricultural and pastoral country where cattle roamed. He averred that he had been employed by the company as an extra fireman for about a year, that cattle had been in the habit for a long time of going upon the defendant's railroad to its knowledge and that about 2 o'clock in the afternoon of August 30, 1907, as he was working as a fireman on the locomotive that was hauling cars over the railroad, it collided with a steer, was thrown off the track, and he was so seriously injured that he sustained damages to the amount of $40,-000. He set forth his claim for these damages in his complaint in two counts, in the first of which he relied for a recovery upon the common law, and in the second upon section 2 of chapter 1 of the Laws of

Colorado of 1902, page 23 (Rev. Stat. of Colorado 1908, § 5480), which required the railroad company to fence its right of way except at crossings and within the limits of incorporated towns and cities. To this complaint the court below sustained a demurrer, and this ruling is questioned by the writ of error.

[1] In the year 1888, Judge Brewer, afterward Mr. Justice Brewer of the Supreme Court, then the Circuit Judge of this circuit decided that a railroad company was not liable under the common law for injuries sustained by a servant from a derailment of a locomotive by cattle that had strayed upon the track because it had not been fenced against them. Cowan v. Union Pacific R. R. Co. (C. C.) 35 Fed. 43. That has been the law in the federal courts of this circuit ever since that day. Nor is it an unreasonable rule, for a railroad company is required to exercise ordinary care only to keep its railroad reasonably safe for the operation of its trains by its servants. The legal presumption is that it uses that care, and the fact that it does not fence its railroad through pastures and fields used for grazing and agriculture fails to overcome this presumption. Moreover, the risk from cattle on a track that an employé knows is not fenced becomes under the common law one of the ordinary risks of operating such a railroad, which he assumes, and an employé who has been firing or driving a locomotive over a railroad at different times during several months knows as well as the company that the road is not fenced. There was no error in the ruling of the court sustaining the demurrer to the first cause of action. Wharton on Negligence (2d Ed.) § 886; Gill v. Louisville & N. R. Co., 160 Fed. 260, Id., 91 C. C. A. 613, 165 Fed. 438; Newsom's Adm'r v. Norfolk & W. R. Co. (C. C.) 81 Fed. 133, 135; Patton v. Central Iowa Ry. Co., 73 Iowa, 306, 35 N. W. 149.

In support of the opposite view, Hayes v. Michigan Central R. R. Co., 111 U. S. 228, 4 Sup. Ct. 369, 28 L. Ed. 410; Donnegan v. Erhardt, 119 N. Y. 468, 23 N. E. 1051, 7 L. R. A. 527; Atchison, Topeka & S. F. R. R. Co. v. Reesman, 9 C. C. A. 20, 25, 26, 60 Fed. 370, 375, 376, 23 L. R. A. 768; Dickson v. Omaha & St. L. Ry. Co., 124 Mo. 147, 27 S. W. 476, 25 L. R. A. 320, 46 Am. St. Rep. 429; International & G. N. Ry. Co. v. Thompson, 34 Tex. Civ. App. 67, 77 S. W. 439; Fordyce v. Jackson, 56 Ark. 594, 598, 20 S. W. 528, 597, and Lackawanna & Bloomsburg R. R. Co. v. Chenewith, 52 Pa. 382, 387, 91 Am. Dec. 168—cited by counsel for the plaintiff, have been examined. But there was a fencing ordinance or a fencing statute to sustain the plaintiff in each of the first four cases, and the plaintiff was a passenger or was treated as such in each of the last three cases, and a railroad company is liable to a passenger for failure to exercise the highest degree of care, while to a servant it is liable for the failure to exercise ordinary care only. These cases are not persuasive that the court below erred when it followed the settled law of this circuit.

[2] The second cause of action is based on section 2 of chapter 1 of the Laws of Colorado for 1902 (Revised Statutes of Colorado 1908, § 5480). That section is a part of an act in relation to the fencing of railroads which was passed at a special session of the Legislature of

Colorado and was approved March 14, 1902. Article 4, § 9, of the Constitution of that state reads:

"The Governor may, on extraordinary occasions, convene the General Assembly, by proclamation, stating therein the purposes for which it is to assemble: but at such special session no business shall be transacted other than that specially named in the proclamation."

The act of 1902 is assailed on the ground that its subject was not "specially named" in the Governor's proclamation. The only paragraph that is claimed to refer to its subject-matter reads:

"Third. To enact any and all legislation relating to or in any wise affecting corporations both foreign and domestic of a quasi public nature."

[3] The Supreme Court of Colorado in Denver & Rio Grande Railroad Co. v. Moss, 115 Pac. 696, has sustained this contention in an opinion filed March 6, 1911, and decided that this act was unconstitutional and void. We are of the same opinion, and if we were not, it would be our duty to follow the construction given to the Constitution of Colorado and the effect given to this statute by the highest judicial tribunal of that state. The federal courts uniformly follow the construction of the Constitution and statutes of a state announced by its highest judicial tribunal in all cases that involve no question of general or commercial law and no question of right under the Constitution and laws of the nation. Madden v. Lancaster County, 12 C. C. A. 566, 570, 65 Fed. 188, 192; Clapp v. Otoe County, 45 C. C. A. 579, 582, 104 Fed. 473, 476; City of Beatrice v. Edminson, 117 Fed. 427, 430, 54 C. C. A. 601, 604. The complaint in this case states no cause of action under the common law, and there was no valid statute of Colorado creating any cause of action against a railroad company for injury to one of its servants from a failure to fence its railroad.

The judgment below must accordingly be affirmed, and it is so ordered.

NOTE.—The following is the opinion of Lewis, District Judge, on sustaining demurrer to complaint:

LEWIS, District Judge. The complaint contains two counts. The first count charges that the plaintiff was in the employ of the defendant as a locomotive fireman for about a year preceding August 30th, 1907, that on that day he was aboard a freight engine which ran from Denver to Lafayette and that on the return trip said engine was derailed about two p. m. on account of a collision with a steer which had come upon the track of the defendant by reason of its negligent failure to erect and maintain suitable fences along the sides of its road, and thereby he received severe and permanent injuries, to his great damage. This count, as claimed by plaintiff, states a common-law action.

The second count pleads the same facts as are set forth in the first count, adding thereto appropriate allegations to bring it within an act of the Colorado Legislature passed in 1902 (Session Laws 1902, p. 23), commonly known as the Stock Killing Statute.

The defendant challenges both counts by demurrer.

1. As to the first count—its insufficiency to state a cause of action at common law appears to be clearly sustained by the following authorities: Cowan v. U. P. Ry. Co. (C. C.) 35 Fed. 43; Newsom v. N. & W. R. Co. (C. C.) 81 Fed. 133, 135; Gill v. L. & N. R. Co. (C. C.) 160 Fed. 260, affirmed by the Circuit

Court of Appeals for the Sixth Circuit in 165 Fed. 438, 91 C. C. A. 613; Patton v. Railway Co., 73 Iowa, 306, 35 N. W. 149.

2. As to the second count—the Colorado act of 1902 consists of eighteen sections and is quite lengthy. It is sufficient to say that the second section requires railway companies to fence their roads, and all remaining sections set forth with much particularity what shall be done in the event cattle are damaged or killed on account of a failure to fence. Among other provisions it contains a schedule fixing the prices that shall be paid by the railway company for various grades of cattle and sheep that may be killed. The act repealed a prior act of a similar character which had been amended at several sessions.

This prior act, with its various amendments, had been construed by the Supreme Court and the Court of Appeals of Colorado, and in every instance had been declared void and unconstitutional. Wadsworth v. U. P. Ry. Co., 18 Colo. 600, 33 Pac. 515, 23 L. R. A. 812, 36 Am. St. Rep. 309; Sweetland v. Railway Co., 22 Colo. 220, 43 Pac. 1006; Railway Co. v. Thompson, 12 Colo. App. 1, 54 Pac. 402.

There is this difference, however, between the present act and the original act with its amendments,—the original act, and the amendments thereto, did not require the fencing of railroads, whereas the second section of the act of 1902 makes it the duty of companies to fence their roads. But it is not believed that this difference in the acts is of any benefit to plaintiff here, for the reason that the same objectionable provisions in the original act, on which it was held by the Supreme Court in the Wadsworth Case to be void as a remedial statute, are found in the act of 1902,—i. e., the amount to be paid for certain kinds of animals was fixed by an arbitrary schedule of prices, without allowing proof of their actual value. It was there said, "a statute cannot be considered merely remedial or compensatory which compels a party to pay for property destroyed without allowing him to produce evidence of its value." It may be that the Colorado Supreme Court, when it reaches a consideration of the act of 1902, will sustain it and hold it valid as a penal statute in behalf of the owners of stock killed in violation of its provisions; but the plaintiff invokes it here for remedial purposes only. Under the Colorado cases above noted it seems clear that the act of 1902 has been, in effect, construed to be a void act for all remedial purposes; and by that construction this court is bound. Wade v. Travis, 174 U. S. 499, 19 Sup. Ct. 715, 43 L. Ed. 1060; Hartford Ins. Co. v. Chicago Railway, 175 U. S. 91, 108, 20 Sup. Ct. 33, 44 L. Ed. 84.

It is insisted, however, in behalf of plaintiff, that similar statutes in other states have been construed as remedial for the purpose of permitting recovery under like conditions set forth in the second count, and the following cases have been cited to that effect: Railway Co. v. Williams, 172 Ill. 379, 50 N. E. 116, 64 Am. St. Rep. 44; Quackenbush v. Railroad Co., 62 Wis. 411, 22 N. W. 519; Dickison v. Railway Co., 124 Mo. 140, 27 S. W. 476, 25 L. R. A. 320. 46 Am. St. Rep. 429; Fleming v. Railroad Co., 27 Minn. 111, 6 N. W. 448; Donnegan v. Erhardt, 119 N. Y. 468, 23 N. E. 1051, 7 L. R. A. 527; Blair v. Railway Co., 20 Wis. 254; and especially Railway Co. v. Reesman, 60 Fed. 370. 9 C. C. A. 20, 23 L. R. A. 768.

Without here noting the wide difference between the Colorado act and the several acts under consideration in those cases, it is sufficient to say that the several state statutes considered in those cases were, in each instance, construed by the highest courts of each state to be remedial, and Justice Brewer expressly noted in the Reesman Case that the Missouri statute has been so construed by the Supreme Court of that state. It is a familiar principle that if a statute identical in terms is construed differently in different states, it will be accepted by the federal courts as a different law in one state from what it is in the other. Christy v. Pridgeon, 4 Wall. 196, 203, 18 L. Ed. 322; Shelby v. Guy, 11 Wheat. 361, 6 L. Ed. 495, 26 L. Ed. 1090; Louisiana v. Pilsbury, 105 U. S. 278, 294, 26 L. Ed. 1090.

The act of 1902 was passed at a special session called by the Governor, and the contention is made that the act is not within the terms of the proclamation of convention, as required by the Colorado Constitution, and is therefore void. In view of what has already been said it is not necessary to determine

that question, nor the question as to whether or not the complaint on its face, in each count, clearly shows that the injury complained of was the result of an assumed risk.

The demurrer to each count must be sustained.

It is so ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes