HENRY D. KNIGHT, Respondent, *v.* The NEW YORK, LAKE
    ERIE AND WESTERN RAILROAD COMPANY, Appellant.

99    25
120    579

Under the provision of the General Railroad Act (§ 44, chap. 140, Laws of 1850,
    as amended by § 8, chap. 282, Laws of 1854), requiring railroad corpora-
    tions to erect and maintain fences on the sides of their roads, and making
    a corporation which neglects to comply with said requirement " liable for
    damages which shall be done by the agents or engines of any such cor-
    poration to any cattle, horses * * * thereon," to create a liability
    there must be some action on the part of the corporation, by its mechanical
    or other agents, producing the injury ; no liability is imposed for injuries
    to cattle or horses caused by themselves, when straying upon the rail-
    road.
A colt belonging to plaintiff ran from the highway upon lands adjoining
    defendant's road, which did not belong to plaintiff, and from thence
    through a gap where a length in the fence on the side of the road was
    down on to the track, and upon a bridge designed for the passage of
    railroad trains only, with the spaces between the ties open. The colt's
    legs were caught in these open spaces and broken. In an action to re-
    cover damages, *held*, that defendant was not liable.
*Knight* v. *N. Y., L. E. & W. R. R. Co.* (30 Hun, 415), reversed.

(Argued March 5, 1885 ; decided April 14, 1885.)

APPEAL from order of the General Term of the Supreme
Court, in the second judicial department, made September 11,
1883, which reversed an order of Special Term, setting aside a
verdict and granting a new trial, and which directed judgment
upon the verdict. (Reported below 30 Hun, 415.)

The nature of the action and the material facts are stated
in the opinion.

*Samuel Hand* for appellant. The obligation to fence is of
purely statutory creation. (*Holladay* v. *Marsh*, 3 Wend. 142 ;
*Stafford* v. *Ingersoll*, 3 Hill, 38 ; *Ryan* v. *R. R. Co.*, 9 How.
Pr. 453 ; *Tonawanda R. R. Co.* v. *Munger*, 5 Den. 255 ; 4
N. Y. 396 ; *Corwin* v. *R. R. Co.*, 13 N. Y. 42 ; *Bush* v.
*Brainard*, 1 Cow. 78 ; *Smith* v. *Waldorf*, 13 Hun, 127 ; *Vic-
tory* v. *Baker*, 67 N. Y. 366 ; *Beck* v. *Carter*, 23 Am. Rep.
175 ; *Converse* v. *Walker*, 30 Hun, 596.) The case made by
the plaintiff does not come within the provisions of the statute

with reference to fencing railroads, because the injury alleged and proven was not received in the manner and by the means that the provisions of that statute require to render the defendant liable therefor. (Laws of 1850, chap. 140, § 44; Laws of 1854, chap. 282, § 8; *Waldron* v. *R. R. Co.*, 8 Barb. 390; *Staats* v. *R. R. Co.*, 4 Abb. Ct. App. Dec. 187; 3 Keyes, 196; *Bradley* v. *R. R. Co.*, 34 N. Y. 427; *Shepard* v. *R. R. Co.*, 35 id. 641; *Landois* v. *R. R. Co.*, 19 Barb. 364.) The term "engines" in all matters pertaining to railroads and their operation has a clear and definite meaning, and is always understood to refer to the motive power by which trains are moved over the road. (*Johnson* v. *R. R. Co.*, 49 N. Y. 455; *Benton* v. *Wickwire*, 54 id. 266; *McClaskey* v. *Cromwell*, 11 id. 593; *Holmes* v. *Curley*, 31 id. 289.) The statute contemplates something active, and not a mere passive instrumentality. (Potter's Dwarris on Stat. 144, 145; *People* v. *Gaul*, 44 Barb. 97; *People* v. *Hyde*, 89 N. Y. 11; *Wakefield* v. *Fargo*, 90 id. 213.) The damages must be done by an "engine" or "agent." Either the "engine" or "agent" must be the proximate cause of the injury. The statute does not go to a possible remote cause, but deals simply with the active instrumentality that does the harm. (*R. R. Co.* v. *Kellogg*, 4 Otto, 467; *Ryan* v. *R. R. Co.*, 35 N. Y. 210; *Hoag* v. *R. R. Co.*, 27 Am. Rep. 653; *Reitser* v. *Nichols*, 31 Hun, 491; Wharton on Neg., §§ 134, 150; 2 Thompson on Neg., 1083, 1085.) The defendant is not liable for the damages sought to be recovered here for a failure to perform the duty enjoined by the statute, because they do not fall within the statutory penalty. (*Rathbun* v. *Acker*, 18 Barb. 393; *McManus* v. *Favin*, 77 N. Y. 36; *Van Valkenberg* v. *Torrey*, 7 Cow. 252; *Seward* v. *Beach*, 29 Barb. 239; *Chase* v. *R. R. Co.*, 26 N. Y. 523; *Bonnell* v. *Griswold*, 80 id. 128; *People* v. *Thornton*, 25 Hun, 456; *Bridgewater Plankroad Co.* v. *Robbins*, 22 Barb. 662; *Jessup* v. *Carnigie*, 80 N. Y. 441; *Smith* v. *Lockwood*, 13 Barb. 209; *Aldrich* v. *R. R. Co.*, 50 Am. Dec. 212; *Bassett* v. *Carleton*, 54 id. 605; *Troy* v. *C. R. R. Co.*, 55 id. 177; *Calkins* v. *Baldwin*, 4 Wend. 667; *Dudley* v. *Mayhew*, 3 N. Y.

9 ; *McKeon* v. *Caherty*, 3 Wend. 494 ; *Renwick* v. *Morris*, 7 Hill, 575 ; *Stafford* v. *Ingersoll*, 3 id. 38 ; *Almy* v. *Harris*, 5 Johns. 175.) Plaintiff failed to make out a cause of action. (*Dietchett* v. *R. R. Co.*, 67 N. Y. 425 ; *Langlois* v. *R. R. Co.*, 19 Barb. 364; *Coy* v. *R. R. Co.*, 23 id. 643 ; *Ryan* v. *R. R. Co.*, 9 How. 453 ; *Pittsburg R. R. Co.* v. *Stewart*, 71 Ind. 500 ; *Lafferty* v. *R. R. Co.*, 44 Mo. 292; Thompson on Neg. 531 ; *Indiana R. R. Co.* v. *Schutz*, 12 Ill. App. 304 ; *Nelson* v. *Chicago R. R. Co.*, 30 Minn. 70.)

*John W. Lyon* for respondent. A railroad company in this State is required by statute to properly fence its road and maintain such fences so as to keep animals from escaping thereon in order to avoid payment of damages for the killing of such animals. (*Shepard* v. *B. & N. Y. & E. Co.*, 35 N. Y. 641 ; *Spinner* v. *N. Y. C. & H. R. R. R. Co.*, 6 Hun, 600 ; *Stimpson* v. *N. Y., L. E. & W. R. R. Co.*, 13 Week. Dig. 132.) The proof in regard to Thomas brings him strictly within the term "agents" as used in the statute. (Bouv. Law Dict., title "Agent;" *Suydam* v. *More*, 8 Barb. 358.) The cause of the injury was direct and known, and not remote and unknown. (*Hart* v. *Hudson R. B. Co.*, 80 N. Y. 623.) The direct and not remote injury was caused and is directly chargeable to a violation of the statute by the defendant. (*Hayes* v. *R. R. Co.*, 30 Alb. L. J. 33; *Powell* v. *Salisbury*, 2 Younge & J. 391 ; *Leimers* v. *Eisem*, 54 Cal. 418 ; *Salisbury* v. *Herchenroder*, 106 Mass. 99 ; *Lee* v. *Riley*, 18 C. B. [N. S.] 722 ; *Lawrence* v. *Jenkins*, L. R., 8 Q. B. 274 ; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Abb. Dec. 464.)

RAPALLO, J. The plaintiff turned his two horses, one an old horse and the other a three-year old colt, into the highway upon which his barn was situated, in order that they might go to a trough in a neighboring field to drink. After drinking they returned to the barn-yard, but, the barn-yard gate being still open, the colt wheeled and ran out again and the old horse followed, and both ran down the highway toward the canal.

The plaintiff pursued them and they turned to the left into the path along the canal and ran on the railroad track through a gap in the railroad fence. They then ran along the railroad track, the plaintiff still pursuing them, till they came to the railroad bridge across the canal. This bridge was designed only for the passage of railroad trains, and was composed of timbers and ties, the spaces between the ties being open and there being no planking. The old horse stopped and the plaintiff re-captured him, but the colt ran on the bridge. After putting a halter on the old horse and tying him to the fence, the plaintiff went after the colt and found that he had broken his legs by getting them into the open spaces between the ties on the bridge, and this action was brought against the railroad company to recover his value, on the ground that his injury resulted from the failure of the railroad company to maintain its fence. The judge at Circuit directed a verdict for the plaintiff for the value of the colt with interest, but afterward, on motion of the defendant, set aside the verdict on the minutes on the ground that the proof failed to establish a cause of action, and ordered a new trial. On appeal to the General Term this order was reversed, and judgment ordered for the plaintiff on the verdict.

We are of opinion that the order of the trial judge setting aside the verdict was correct. The fence, through the opening in which the plaintiff's colt escaped upon the railroad track, was not a division fence between the premises of the plaintiff and the railroad company, which were not adjacent to each other, and the company incurred no liability to the plaintiff by reason of the omission to maintain the fence, except such as is imposed by the statute. (Laws of 1850, chap. 140, § 44 ; Laws of 1854, chap. 282, § 8.) But for that statute there could be no pretense of any liability on the part of the company for the injury to the plaintiff's colt under the circumstances of the case. It was the duty of the plaintiff, by the common law, to keep his colt confined by fences, and the colt was a trespasser, if not the plaintiff in driving him on the defendant's bridge.

The statute referred to requires railroad companies to erect

Statement of case.

and maintain fences on the sides of their roads, but it does not impose upon them a general liability for any consequences which may result from an omission to do so, nor does it leave the question open what liability to third parties they shall be subjected to for such omission, for it defines in express terms the consequences for which they shall be liable to owners of cattle and horses getting on the track. The terms of the statute are that "so long as such fences shall not be made, such railroad corporation and its agents shall be liable for damages which shall be done by the *engines* or *agents* of any such corporation to any cattle, horses, etc., thereon."

This language clearly requires some action on the part of the company to produce the injury, either by mechanical or other agents of its own, and, in our judgment, excludes the idea of liability for injuries which the cattle may do to themselves by straying on the track. The word "agent" of itself implies an actor. In the present case whatever action produced the injury was that of the colt in running on the bridge, or of the plaintiff himself in driving him there in the effort to re-capture him. It is entirely too strained an argument to contend that the track or the bridge was an agent of the company which did the damage.

The order of the General Term should be reversed and that of the Special Term affirmed.

All concur.

Ordered accordingly.