GEORGE T. JIMERSON, Respondent, v. ERIE RAILROAD COMPANY, Appellant.

Railroads — construction and application of section 52 of Railroad Law (Cons. Laws, ch. 49) requiring railroad companies to maintain fences along their rights of way — railroad company not liable for animals injured by falling through railroad bridge.

Section 52 of the Railroad Law (Cons. Laws, ch. 49) requiring railroad companies to erect and maintain fences along their rights of way limits their liability for failure to do so to " damages done by their agents or engines or cars to any domestic animals thereon;" hence, there is no liability for injuries sustained by animals which by reason of such failure have escaped from a pasture and are injured by falling through a bridge on the roadway of a railroad company.

*Jimerson* v. *Erie R. R. Co.*, 138 App. Div. 914, reversed.

(Submitted December 6, 1911; decided December 19, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 31, 1910, which affirmed a final judgment in favor of plaintiff entered upon an interlocutory judgment of. Special Term overruling a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. P. Quigley* for appellant. The statute under which this action is brought, being in derogation of a rule of the

common law, should be construed strictly. The act itself specifically provides the penalty for a violation of its provisions. The injuries received by plaintiff's horses, as set forth in the complaint, do not come within the penalty prescribed by the statute. (*Beck* v. *Carter*, 68 N. Y. 289; *Stafford* v. *Ingersoll*, 3 Hill, 38; *Knight* v. *R. R. Co.*, 99 N. Y. 25; *Lent* v. *R. R. Co.*, 130 N. Y. 504; *Donnegan* v. *Erhardt*, 119 N. Y. 174.)

*M. B. Jewell* for respondent. Section 32 of the Railroad Law enjoins upon railroad corporations the duty of building and thereafter maintaining fences along the sides of their railroads. This provision is for the benefit of passengers upon trains and the owners and occupants of lands through which the road passes. Negligence of the defendant to perform this duty renders it liable for all damages which are the direct result of the injury. (*Corwin* v. *N. Y. & E. R. R. Co.*, 13 N. Y. 42; *Shepard* v. *B., N. Y. & P. Ry. Co.*, 35 N. Y. 640; *Purdy* v. *N. Y. & N. H. Ry. Co.*, 61 N. Y. 353; *Tracy* v. *T. & B. Ry. Co.*, 38 N. Y. 433; *Graham* v. *President, etc., of D. & H. C. Co.*, 46 Hun, 386; *French* v. *W. N. Y. & P. Ry. Co.*, 72 Hun, 469; *Grannan* v. *Westchester Racing Assn.*, 16 App. Div. 8; *Donnegan* v. *Erhardt*, 119 N. Y. 468; *Mendizabel* v. *N. Y. C. & H. R. R. R. Co.*, 89 App. Div. 386; *Crandall* v. *Eldridge*, 46 Hun, 411.)

CULLEN, Ch. J. The complaint, which the defendant contends states no cause of action, alleges that the defendant failed to erect and maintain fences on the line of its road where it passed through the reservation of the Seneca Indians, as a result of which two colts belonging to the plaintiff, which were rightfully pastured on said reservation (plaintiff himself being an Indian) escaped from the pasture to the defendant's road and following along it fell through a railroad bridge whereby one colt received injuries from which he died and the other was seriously

damaged and its value impaired.  The point of the demurrer is that the liability of the defendant is solely the creation of the statute and that the statute does not impose liability for injuries to stock received in the manner stated in the complaint.  Section 52 of the present Railroad Law (Cons. Laws, ch. 49) reads: "Every railroad corporation, and any lessee or other person in possession of its road, shall, before the lines or its road are open for use, and so soon as it has acquired the right of way for its roadway, erect and thereafter maintain fences on the sides of its road of height and strength sufficient to prevent cattle, horses, sheep and hogs from going upon its road from the adjacent lands,  *  *  *.  So long as such fences are not made, or are not in good repair, the corporation, its lessee or other person in possession of its road, shall be liable for all damages done by their agents or engines or cars to any domestic animals thereon."  We think the question not an open one in this court.  In *Knight* v. *N. Y., Lake Erie & Western Railroad Company* (99 N. Y. 25) the action was brought for injury to a colt which escaped from a barnyard to the highway and ran thence along the highway through a gap in the fence to defendant's railway, which it followed till it came to a bridge through which it fell.  The plaintiff having recovered a verdict at Circuit the court set it aside, which action was reversed by the General Term, but reinstated by this court, which held the defendant not liable.  It was there said by Judge RAPALLO: "The statute referred to requires railroad companies to erect and maintain fences on the sides of their roads, but it does not impose upon them a general liability for any consequences which may result from an omission to do so, nor does it leave the question open what liability to third parties they shall be subjected to for such omission, for it defines in express terms the consequences for which they shall be liable to owners of cattle and horses getting on the track  *  *  *  for damages which shall be done by

the *engines* or *agents* of any such corporation." (p. 28.) It was held that the bridge was not an agent and that the defendant was not liable. Since that decision two cases have been decided in the Supreme Court (*Graham* v. *Delaware & Hudson Canal Co.*, 46 Hun, 386; *French* v. *Western N. Y. & Penn. R. R. Co.*, 72 Hun, 469), in which recoveries for injuries to animals escaping from fields adjacent to the track encountered in the same manner as that which occurred in the *Knight* case have been upheld. In the opinions rendered in those cases the *Knight* decision is distinguished on the theory that it did not apply where the animals escaped from an adjacent field. In other words, that the liability for failure to maintain the fence was greater to adjacent owners than to other parties. If we assume that the *Knight* case might have been decided on the theory that the plaintiff was not an adjacent landholder it is sufficient to say that it was decided on no such ground, but solely on the ground that the liability of failing to comply with the mandates of the statute was expressly limited by it. It is also to be observed that in *Corwin* v. *New York & Erie Railroad Company* (13 N. Y. 42) this court had already held that the statute applied equally to the trespassing cattle of strangers and those of adjacent owners. But if it were an open question we think it would be difficult to avoid the conclusion reached by the court in the *Knight* case. The correctness of that decision is emphasized by the subsequent act of the legislature. As the statute stood at the time of the *Knight* case the liability was for damage occasioned by their "engines or agents." In 1900, when the present Railroad Law (now Cons. Laws, ch. 49) was enacted, the old statute was amended by adding to "engines or agents" the word "cars." It may be, as argued by the learned judges of the Supreme Court, that there is little reason for making the railroad companies liable for damages to cattle run down by cars or engines but not for injuries caused by falling through

bridges, when the original source of the injury is the same in both cases, the failure to comply with the statutory requirement. If this, however, had been the view of the legislature it would have, in amending the statute, made the liability general, instead of which it simply added liability for injuries by cars.

The judgments of the Appellate Division and of the Special Term must be reversed and judgment rendered for the defendant on demurrer, with costs in all courts, with leave to plaintiff to serve amended complaint within twenty days on payment of costs.

GRAY, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur; HAIGHT, J., not voting.

Judgment accordingly.