JOHN L. KELLEY, Respondent, *v.* NEW YORK STATE RAILWAYS, Appellant.

Negligence — steam roller on highways — statutes requiring notice to be given of approach of roller.

Plaintiff, while running a steam roller on a highway, was injured by a collision with a trolley car as he was crossing the track. No notice was given of the approach of the roller by sending a person in advance as is required by section 329 of the Highway Law (Cons. Laws, ch. 25) and subdivision 11 of section 1425 of the Penal Law.

*Held,* that these statutes were proper subjects for consideration by the jury on the question of plaintiff's negligence.

*Kelley* v. *N. Y. State Railways,* 145 App. Div. 902, reversed.

(Argued January 22, 1913; decided February 11, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 20, 1911, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. A. Matson* for appellant. The court erred in its charge to the jury wherein it held that sections 329 of the Highway Law and 1425, subdivision 11, of the Penal Law, did not apply to this case. (*U. P. Ry. Co.* v. *McDonald,* 152 U. S. 262; *Hayes* v. *M. C. R. R. Co.,* 111 U. S. 228; *Jetter* v. *N. Y. & H. R. R..Co.,* 2 Keyes, 161; *Haegi* v. *P. & N. Y. S. S. Co.,* 54 How. Pr. 150; *Massoth* v. *D. & H. C. Co.,* 64 N. Y. 532.)

*F. P. Miller* and *W. B. Matterson* for respondent. The construction placed upon these statutes by the court relating to the operation of steam rollers upon public highways was correct. (L. 1909, ch. 30, § 329; Penal Law, § 1425, subd. 11.)

CUDDEBACK, J. The plaintiff in this action has recovered judgment against the defendant for personal injuries sustained, as it is alleged and found, through the defendant's negligence.

The plaintiff when injured was running a steam roller on the highway. The place was not within the limits of an incorporated village or city. The time was a little after sunset or night time, as defined by the Statutory Construction Law. The plaintiff was on the south side of the highway going west. He saw one of the defendant's cars approaching from the west, about half a mile

distant.   He attempted to run the roller across the tracks
to the north side of the highway, for the reason, as he
says, that there was more room on that side to pass the
car.   The left hind wheel of the roller stuck on the far-
ther rail of the track and a collision occurred.   The car,
running at a high rate of speed, struck the roller, causing
the injuries to the plaintiff for which recovery has been
had.   The car carried thirty-five passengers, but no injury
resulted to them or to any person on the car.

The only question to be considered is the application to
the case of certain sections of the Highway Law and of
the Penal Law, which the plaintiff failed to observe.

Section 329 of the Highway Law (Cons. Laws, ch. 25)
reads as follows: ''The owner of a steam roller, steam
traction engine or any other machinery, either propelled
or driven by steam, his servant or agent shall not allow,
permit or use the same, to pass over, through or upon
any public highway or street except upon railroad tracks,
unless such owner or his agents or servants shall send
before the same a person of mature age, at least one-
eighth of a mile in advance, who shall notify and warn
persons traveling and using such highway or street with
horses or other domestic animals, of the approach thereof,
and at night such person shall carry a red light, except
in incorporated villages and cities.''

The court charged the jury that the statute did not
seem to have any application, and ''for that reason it
does not enter into your consideration of this case.''   To
this part of the charge the defendant excepted.

Section 1425 of the Penal Law (Cons. Laws, ch.
40), subdivision 11, reads substantially as follows: ''A
person who willfully:   *   *   *   Drives   *   *   *   a
vehicle or engine propelled by steam, except upon a rail-
road, along a public highway, or causes or directs such
*   *   *   vehicle or engine to be so driven   *   *   *   unless
a person of mature age shall precede such   *   *   *   vehicle
or engine by at least one-eighth of a mile, carrying a red

light, if in the night time, and gives warning to all persons whom he meets traveling such highway, of the approach of such * * * vehicle or engine * * * shall be deemed guilty of a misdemeanor."

The counsel for the defendant requested the court to charge the jury that this subdivision of the Penal Law "is general in its terms and does not speak of horses or domestic animals and applies to this case." The court declined to charge as requested to which ruling . the defendant excepted.

While the statutory provisions were intended primarily for the protection of the particular class of persons mentioned therein, that is, all persons traveling on the highway who might be overtaken or met by the steam roller, yet they have a broader application. It is not the traveler who was injured and who is complaining here. ` It is the person who operated the steam roller, but the effect of the judgment in this action has been to saddle his loss and damage upon the motorman and the defendant, the motorman's master.

. It may be that the collision would have been avoided if a person carrying a red light had preceded the steam roller one-eighth of a mile and had given warning to the motorman on the car. That is to say, the accident might have been avoided if the law had been observed. The defendant may have been negligent in running its car at a high rate of speed when the collision occurred, but the plaintiff was violating the Penal Law when he was injured in the collision. That fact was a proper subject of consideration.

The statute, of course, affords persons belonging to the class which it expressly mentions greater protection than to those outside that class, but it is some evidence in favor of the latter. It is evidence for the jury to consider on the question of negligence with all the other evidence in the case. The court, therefore, erred in taking the statute from the consideration of the jury.

The United States Supreme Court in the case of *Union Pacific Railway Co.* v. *McDonald* (152 U. S. 262), held that a statute analogous to the Highway Law applied under circumstances somewhat similar to the facts shown in this action.

The judgment should be reversed, with costs, and a new trial ordered.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, COLLIN and MILLER, JJ., concur.

Judgment reversed, etc.