Tony DiCaprio, as Administrator, etc., of Peter DiCaprio, Deceased, Appellant, v. The New York Central Railroad Company, Respondent.

Third Department, November 12, 1919.

**Railroad — negligence — action to recover for death of child straying onto railroad track at point where there was no fence — evidence — failure of company to maintain fence as required by section 52 of Railroad Law, as evidence of negligence.**

Section 52 of the Railroad Law, requiring a railroad company to maintain a fence of a stated height and strength on the side of its road, while primarily intended to correct a defect of the common law so as to permit the owners of cattle and other domestic animals to recover for injuries received in case they should stray upon the tracks at a point where there is no fence, imposes an absolute duty upon a railroad company to fence its tracks, and the failure to build and maintain a fence is some evidence of negligence in an action to recover damages for the death of a child who strayed upon the tracks at a point where there was no fence.

Appeal by the plaintiff, Tony DiCaprio, as administrator, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Montgomery on the 15th day of March, 1919, upon a dismissal of the complaint at the close of plaintiff's case, and also from the order directing a nonsuit.

*Harry V. Borst,* for the appellant.

*Kernan & Kernan [Warnick J. Kernan* of counsel], for the respondent.

John M. Kellogg, P. J.:

The defendant's four-track road, with three side tracks, runs through the plaintiff's farm on which were kept horses

and cows. There was no fence between the track and the plaintiff's house. The house was about seventy feet distant from the nearest rail. The ground between the house and the track was substantially level at the place in question. The plaintiff's family consisted of himself, wife and four children. Another family in the house had seven children. Upon the day of the intestate's death he was under observation by his family, but in some manner he slipped away from them and was killed upon the track by the Empire State Express, which was running at about sixty miles per hour. The intestate was about two years old. The defendant and its employees knew of the conditions existing at this place and, in a general way, that the house was occupied, in part, by small children. Concededly the defendant did not maintain a fence along its track, as required by section 52 of the Railroad Law. The plaintiff, in this action to recover for the death of his intestate, was nonsuited, upon the ground that the statute relates, not to persons, but only to the domestic animals mentioned in it. The trial proceeded upon the theory that the defendant failed to maintain a fence as required by statute; the defendant claimed freedom from liability because a person and not a domestic animal had been killed. The motion for a nonsuit was general in its terms and we, therefore, will consider only the question actually decided and litigated at the trial. (*Bromley* v. *Miles*, 51 App. Div. 95, 96.) No other question was raised or argued upon this appeal.

The appellant contends that the failure to maintain the fence, as required by the statute, was a violation of duty on the part of the defendant, and was some evidence of negligence, which, with the other facts shown, should have been submitted to the jury on the question of the defendant's negligence. Section 52 of the Railroad Law requires the company to maintain fences on the sides of its road " of height and strength sufficient to prevent cattle, horses, sheep and hogs from going upon its road from the adjacent lands. * * * So long as such fences and cattle-guards are not made, or are not in good repair, the corporation, its lessee or other person in possession of its road, shall be liable for all damages done by their agents or engines or cars to any domestic animals thereon. * * * No railroad need be fenced, when not

necessary to prevent horses, cattle, sheep and hogs from going upon its track from the adjoining lands."

Fully to understand this statute we must remember that it was enacted to remedy, in part, a defect of the common law. The owners of horses, cows, sheep and hogs were required, at common law, to restrain them, and if such animals strayed upon the premises of another, they became trespassers, so that the owner could not recover for injury to them while so trespassing unless the injury was intentionally and willfully committed. (*Knight* v. *New York, Lake Erie & W. R. R. Co.*, 99 N. Y. 25.)

The statute was not intended to legalize such trespass, but it was enacted for the benefit of the public and the occupant of the adjoining premises. The railroad company was required to build the fence. If it did not it was liable for any injuries sustained by domestic animals caused by the railroad's agents, engines or cars. It was properly held in the *Knight Case* (*supra*), where the trespassing colt fell through a railroad bridge and was killed, that this statute gave no remedy. To a like effect is *Jimerson* v. *Erie R. R. Co.* (203 N. Y. 518). The statute expressly provides what damages should be paid by the company in case of injury to cattle, and leaves the owner to bear any other loss coming to his cattle from a violation of the statute.

In *Donnegan* v. *Erhardt* (119 N. Y. 468), because of the absence of a fence, the train collided with a horse upon the track and a brakeman was injured. The recovery was sustained, the court saying (p. 473): " But whatever the rule would be independently of the statute, there is no reasonable doubt that it imposes the absolute duty upon a railroad company to fence its tracks. That duty, it is reasonable to suppose, was imposed not only to protect the lives of animals but also to protect human beings upon railroad trains. It is made an unqualified duty, and for a violation thereof causing injury the railroad company incurs responsibility. The sole consequence of an omission of the statutory duty is not specified, and was not intended to be specified in the statute. Responsibility for injuries to animals was specially imposed, because in most cases there would, independently of the statute, have been no such responsibility, as at common law

the owner of animals was bound to restrain them, and if they trespassed upon a railroad there was no liability for their destruction, unless it was wilfully or intentionally caused."

The case also determines that irrespective of the statute the judgment against the defendant could stand upon the facts shown, and the facts shown were not stronger proof of negligence than in the instant case. On principle, if the accident in the *Donnegan* case had been caused by running over a child instead of a horse, the negligence under the statute would have been the same.

In *Leggett* v. *Rome, W. & O. R. R. Co.* (41 Hun, 80) by the failure of the railroad company to build its fence along the track the plaintiff was unable to pasture his land, and he recovered damages against the company therefor.

In *Union Pacific R. Co.* v. *McDonald* (152 U. S. 262) a Colorado statute obliging the owners of coal mines to fence their slack piles and abandoned pits, required them to be so fenced as to afford permanent protection to all stock endangered thereby, and made the violation of the act a misdemeanor. A child injured by an unfenced slack pile sustained a recovery against the owner.

In *Kelley* v. *N. Y. State Railways* (207 N. Y. 342) plaintiff's steam roller was traveling upon the highway in violation of section 329 of the Highway Law, which required that a person should precede the roller at least one-eighth of a mile to " notify and warn persons traveling and using such highway or street with horses or other domestic animals, of the approach thereof," etc. The steam roller collided with the defendant's car, apparently by the defendant's negligence. The court charged, under exception, that this statute did not have any application on the question of plaintiff's contributory negligence. Subdivision 11 of section 1425 of the Penal Law, in effect, makes a violation of section 329 of the Highway Law a misdemeanor, without, however, referring specifically to that section. In calling attention to this subdivision of the Penal Law, the defendant requested the court to charge that it " is general in its terms and does not speak of horses or domestic animals, and applies to this case; " which request was denied and the defendant excepted. The Court of Appeals says that the defendant may have been negligent in going at a high

rate of speed, but that the plaintiff was violating the Penal Law at that time, and that fact was a proper subject for consideration, and continues: " The statute, of course, affords persons belonging to the class which it expressly mentions greater protection than to those outside that class, but it is some evidence in favor of the latter.  It is evidence for the jury to consider on the question of negligence with all the other evidence in the case.  The court, therefore, erred in taking the statute from the consideration of the jury.  The United States Supreme Court in the case of *Union Pacific Railway Co.* v. *McDonald* (152 U. S. 262) held that a statute analogous to the Highway Law applied under circumstances somewhat similar to the facts shown in this action."

Manifestly the statute was intended to prevent the frightening of horses and animals upon the highway; the court, however, did not limit it to such cases.  Clearly there was no danger that the trolley car would be frightened.  The case can stand only upon the broad theory that the statute imposes an absolute duty upon a person running a steam roller upon the highway, and the violation of that duty is evidence of negligence in favor of any one who sustains an injury thereby. It is apparent that the court was considering the two rulings, *first* as to the Penal Law, and *second* as to the statute.  It had already held that the violation of the Penal Law was some evidence of negligence, and, in the quotation we have just made, the court, when it refers to the statute, must refer to the highway statute and not to the Penal Law.  If we are right in that view, the case is controlling authority here.

In *Amberg* v. *Kinley* (214 N. Y. 531), in showing the distinction between an action to recover damages for the breach of a statutory duty and one based solely upon negligence, the court says (p. 536): " This principle of law is illustrated in *Union Pacific Railway Co.* v. *McDonald* and *Fluker* v. *Ziegele Brewing Co.* [201 N. Y. 40].  In *Union Pacific Ry. Co.* v. *McDonald* the defendant failed to erect a fence required by statute to protect cattle and horses, and by reason of the absence of the fence a child was injured.  The court, quoting, said: ' And although in the case of injury to persons by reason of the same default, the failure to fence is not, as in the case of animals, conclusive of the liability, irrespective

of negligence, yet an action will lie for the personal injury, and this breach of duty will be evidence of negligence.' "

If the defendant had carried on its business in the manner required by law, the accident would not have happened.   The defendant violated a duty imposed upon it by statute, and the violation of that duty is evidence of negligence.

It must be conceded that the decisions in the various States are not in harmony on these fence statutes, but I think that our Court of Appeals has given such recognition to the *Union Pacific* case that we are required to follow it.   The Court of Appeals, in the *Donnegan* case, does not refer to the *Knight* case, although it was cited in the briefs.   Neither does the *Jimerson* case refer to the *Donnegan* case, although that likewise was in the brief.   The Court of Appeals must, therefore, have considered that the cases stand upon different grounds — the *Knight* and *Jimerson* cases upon the theory that the statute has fixed a certain liability for the loss of animals, and thereby has excluded other liabilities on their account; the *Donnegan* case, upon the theory that the company did not build the fence which the statute required it to build and, therefore, the violation of the statute is at least some evidence of negligence.   The *Union Pacific* case is the only authority cited in the opinion in the *Kelley* case.

Accordingly I favor a reversal of the judgment and a new trial, with costs to the appellant to abide the event.

All concurred; Cochrane, J., with an opinion.

Cochrane, J. (concurring):

Section 52 of the Railroad Law (as amd. by Laws of 1915, chap. 281) requiring the railroad company to maintain fences has this provision: " No railroad need be fenced, when not necessary to prevent horses, cattle, sheep and hogs from going upon its track from the adjoining lands."   The boy lived on a farm of about 100 acres on which horses and cattle were kept.   It appears that some time before this accident a cow had been killed apparently because it strayed from the farm onto the railroad.   It would seem, therefore, that a jury might properly have been permitted to say that there was an absolute duty on the defendant to fence its track along the farm in question.

If the necessity for the fence existed the willful omission to erect it was a misdemeanor.  (Penal Law, § 1984, subd. 2.)

The violation of a statute or an ordinance, if it has some connection with the injury complained of, is some evidence of negligence.  (*Amberg* v. *Kinley*, 214 N. Y. 531, 536; *Fluker* v. *Ziegele Brewing Co.*, 201 id. 40; *Union Pacific R. Co.* v. *McDonald*, 152 U. S. 262; *Kelley* v. *N. Y. State Railways*, 207 N. Y. 342.)

In *Union Pacific R. Co.* v. *McDonald* (*supra*) there was a statute requiring that ground covered with slack coal in such quantities as to produce spontaneous combustion should be fenced " in such manner as to prevent loose cattle or horses from having access to such slack piles " and making the violation of the act a misdemeanor.  The railroad company failed to observe this statute and a boy on its premises fell into the burning slack and was injured.  The court said: " Primarily, that statute was intended for the protection of cattle and horses.  But it was not, for that reason, wholly inapplicable to the present case upon the issue as to negligence.  * * *  The non-performance by the railroad company of the duty imposed by statute, of putting a fence around its slack pit, was a breach of its duty to the public and, therefore, evidence of negligence for which it was liable in this case, if the injuries in question were, in a substantial sense, the result of such violation of duty."  That case was cited in *Kelley* v. *N. Y. State Railways* (*supra*).  I am unable to distinguish those cases in principle from the instant case.

The cases of *Knight* v. *New York, Lake Erie & W. R. R. Co.* (99 N. Y. 25) and *Jimerson* v. *Erie R. R. Co.* (203 id. 518) are distinguishable.  Both of those actions were for injuries to domestic animals in falling through bridges on the tracks and turned on the express provision in the statute limiting liability in respect to animals.  In the *Jimerson* case Chief Judge CULLEN quotes from the *Knight* case where it was stated that the statute does not leave the question open as to liability to the owners of cattle and horses but that it defines in express terms the consequences of liability to such owners " for damages which shall be done by the *engines* or *agents* of any such corporation," and adds: " It was held that the bridge was not an agent and that the defendant was not liable."

On the other hand, the case of *Donnegan* v. *Erhardt* (119 N. Y. 468) establishes that there may be a liability for personal injuries for a failure to comply with this very statute.

I think, therefore, the judgment should be reversed.

Judgment reversed and new trial granted, with costs to the appellant to abide the event.