SCHNEIDER ET AL. *v.* BROWN ET AL., BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY.

(Decided July 11, 1929.)

*Messrs. Goebel, Dock & Goebel,* for plaintiffs in error.

*Mr. Nelson Schwab* and *Mr. Thomas J. Elliott,* for defendants in error.

CUSHING, J. This case is here on error from the court of common pleas of Hamilton county, wherein a judgment was rendered in favor of the defendants below, the county commissioners of Hamilton county.

A petition and two amended petitions were filed in the court of common pleas; the second amended petition alleging that the county commissioners had appropriated the real property of the plaintiffs in error.

There is very little dispute about the facts in the case.

Plaintiffs in error owned property in the vicinity of a bridge over Muddy creek. This bridge was

under the jurisdiction of the county commissioners, and, owing to movement of the ground, had slipped from its foundation next adjacent to the property of the plaintiffs in error. There was evidence that the hillside, owned by the plaintiffs in error, had from time to time in the past slipped to a slight degree. The county commissioners, being desirous of ascertaining the reason for the movement of the ground, entered upon the premises of the plaintiff in error with derricks and other machinery, and over a period of some two weeks drilled holes in the ground to various depths. A short time after this the ground of the plaintiffs in error slipped very perceptibly, and a house belonging to them on the premises was ruined by reason of cracks and changes in the position of the walls.

At the conclusion of the testimony of the defendants below, a motion was made for an instructed verdict, which was granted.

It is true the Constitution of Ohio provides that private property shall ever be held subservient to the public welfare, but the fact that such subservience is not to be considered gratuitous is indicated by the latter part of Section 19, Article I, of the Constitution, which provides that, where private property is taken for public use, compensation therefor shall first be made in money, or first secured by a deposit of money, and that such compensation shall be assessed by a jury without deduction for benefits to any property of the owner.

The question presented by the record in this case is whether the acts of the county commissioners amounted to an appropriation or taking of the property of the plaintiffs in error.

We hold that these acts amounted to a taking. The commissioners exercised all of the prerogatives of ownership in entering upon the premises of the plaintiffs in error, without their consent, in drilling six holes, and in occupying said premises with their equipment, derricks, etc., for a period of two weeks. Such exercise of authority over said property was in complete violation of the rights of ownership inherent in the plaintiffs in error, and can only fairly be construed as being a taking of such property for public use. *Lake Erie & Western Rd. Co.* v. *Commrs. of Hancock County,* 63 Ohio St., 23, 57 N. E., 1009; *City of Mansfield* v. *Balliett,* 65 Ohio St., 451, 63 N. E., 86, 58 L. R. A., 628; *Board of Commrs. of Portage County* v. *Gates,* 83 Ohio St., 19, 24, 93 N. E., 255; *Kiser* v. *Board of Commrs. of Logan County,* 85 Ohio St., 129, 134, 135, 97 N. E., 52, 39 L. R. A. (N. S.), 1029.

There was a great deal of evidence introduced in the case to show that the ground of the plaintiffs in error had slipped before the county commissioners entered upon the premises. There was also evidence in the case to show that the boring of the holes by the county commissioners caused the removal of the support of the substrata beneath the property of the plaintiffs in error. Such evidence is probative of the extent of the taking, and of what, if any, damages were inflicted upon the residue of the property.

For the reasons given, the judgment of the court of common pleas must be and is reversed, and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

Ross and HAMILTON, JJ., concur.