LENA WAGER, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24831.)

JAMES E. WAGER, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24832.)

Court of Claims, February 21, 1939.

*John L. Moore,* for the claimants.

*John J. Bennett, Jr., Attorney-General [Owen M. Begley, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J. The claimant Lena Wager fell and sustained a fractured hip when on the night of October 18, 1936, she was walking along a State highway from her home toward a church a quarter of a mile distant. She was preceded by her husband, who walked about ten feet in front of her. It was dark, but the weather was clear and the road was dry. Mr. and Mrs. Wager were walking east on the south side of the highway. When two automobiles approached, each from opposite directions, Mrs. Wager stepped from the concrete of the highway to the dirt shoulder. As she did so she fell.

There is a fair preponderance of evidence to support a finding that the shoulder was worn away from the concrete leaving the edge thereof exposed to a depth of six to eight inches and that this condition had maintained for at least two months prior to October 18, 1936, and that its existence had been called specifically to the attention of the State's employees charged with the maintenance of the highway and repairs had not been made by them. We find that there was a defect in the highway due to the negligence of the State.

The State is bound to use reasonable care in the maintenance of its highways and pedestrians are as much entitled to call the State to task for failure to do its duty as are motorists. The Attorney-General, however, has invoked the provisions of the Vehicle and Traffic Law, section 85, subdivision 6, as a defense to these claims, arguing that the violation thereof was the proximate cause of the accident or at least rendered Lena Wager guilty of contributory negligence. This statute reads as follows: " Pedestrians walking or remaining on the paved portion, or traveled part of a roadway shall be subject to, and comply with, the rules governing vehicles, with respect to meeting and turning out, except that such pedestrians shall keep to the left of the center line thereof, and turn to their left instead of right side thereof, so as to permit all vehicles passing them in either direction to pass on their right. Such pedestrians shall not be subject to the rules governing vehicles as to giving signals."

The violation of a statute is evidence of negligence on the part of the violator and in some cases the violation has been held to be negligence in itself. (*Martin* v. *Herzog,* 228 N. Y. 164, 168.) However, as pointed out by Judge CARDOZO, the rule is less rigid where the one who complains of the omission is not a member of

the class for whose protection the safeguard is designed. (Citing *Amberg* v. *Kinley*, 214 N. Y. 531, 551; *Union Pacific R. Co.* v. *McDonald*, 152 U. S. 262, 283; *Kelley* v. *New York State Railways*, 207 N. Y. 342, 345.) The cases hold that the triers of fact should properly give consideration to such violation. We have given it consideration as, of course, the principle is applicable to a plaintiff who must establish his own freedom from contributory negligence. See, also, Restatement of the Law of Torts, § 469.)

However, we think that the defendant here is not in a position to invoke the statute above quoted as an absolute defense to these actions. The statute may impose a duty on pedestrian travelers upon the highway in favor of other travelers. The State, having the duty to maintain the highway in a condition reasonably safe for all travelers, is not a member of the class for whose protection the safeguard was designed. We hold that the claimants are entitled to awards herein.

BARRETT, P. J., concurs.