[Cite as *State v. Wolfe*, 2017-Ohio-1326.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16-CA-43 |
| DONALD C. WOLFE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
Municipal Court, Case No. 15-CRB-1916


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     April 7, 2017


APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

MARK GARDNER                     MICHAEL DALSANTO
Village Solicitor                          33 West Main Street, Ste. 106
Village of Buckeye Lake            Newark, OH 43055
23 South Park Place, Suite 208
Newark, OH 43055

*Gwin, J.*

{¶1} Defendant-appellant Donald C. Wolfe ["Wolfe"] appeals his conviction and sentence after a jury trial in the Licking County Municipal Court on one count of Abandoning Animals.

*Facts and Procedural History*

{¶2} October 22, 2015, Wolfe was charged with one count of Abandoning Animals in violation of R.C. 959.01 and one count of Prohibitions Concerning Companion animals in violation of R.C. 959.131.

{¶3} This matter was scheduled for a Bench Trial on December 29, 2015. Prior to trial, Wolfe filed a jury demand and motion to continue the trial date. The case was rescheduled for a pretrial conference on February 9, 2016 and a jury trial on February 11, 2016. Wolfe failed to appear for the scheduled pretrial and a bench warrant was issued for his arrest.

{¶4} Wolfe was arrested on February 22, 2016 and this case was rescheduled for a Pretrial and Jury Trial on April 5, 2016 and April 7, 2016.

{¶5} Wolfe filed a Motion to Continue on May 2, 2106 and this case was consolidated with the case involving his wife and rescheduled for a Jury Trial on May 26, 2016.

{¶6} On May 26, 2016, the Jury Trial was held and the following evidence was presented.

{¶7} Randy Bussey is a member of the Buckeye Lake Street Department. Bussey testified that he found a puppy behind the Dollar General in Buckeye Lake in a

Dollar General shopping bag. The bag was tied closed. Bussey immediately called Sergeant Andy Davis.

{¶8} Sergeant Davis responded to Bussey's phone call and met with him at the Buckeye Lake Police Department. Sergeant Davis observed the puppy and noted that it was "soaking wet" and "looked to be pretty sick." Sergeant Davis and Bussey took the puppy to the local Petplex Animal Hospital.

{¶9} Several days later, Sergeant Davis interviewed Wolfe and his co-defendant, Ms. Levan. During that interview, Ms. Levan stated that she had "gotten two dogs from Michael Moyer," that the dogs were pit bull puppies, and that the first puppy had passed away. Sergeant Davis testified that Ms. Levan stated that they had "met some random guy that was walking down the street" who "agreed to take [the] puppy...." (T. at 64). Ms. Levan admitted that if the puppy was found in a bag, that the bag would have her fingerprints on it because "she had handed [the] unknown man [the] dog in the bag..." (T. at 65).

{¶10} Doctor Joanna Reen, the veterinarian who treated the dog described the puppy's physical situation as "pretty critical" at intake: that she was hypothermic, dehydrated, and "very ill." (T. at 80-81).

{¶11} Bonnie Mansfield testified that Ms. Levan had contacted her on September 14, 2015, stating that she had an ill dog and requested assistance with that dog. This was the day before the puppy was found at the Dollar General.

{¶12} Humane Society Agent Paula Evans testified that Sergeant Davis had informed her of an investigation into animal cruelty relating to this case. Ms. Evans transferred the puppy from Petplex to Refugee Canyon for veterinary care. Soon

thereafter, she began an investigation into the incident by sending out a "plea on Facebook" seeking information. As a result of these "leads," Ms. Evans traveled to Ms. Levan and Wolfe's home to ask them questions about the incident.

{¶13} During one of several interviews, she had both Wolfe and Ms. Levan sign a "voluntary surrender to a Humane Agent" with respect to the animal. On cross-examination, Ms. Evans conceded that she had never shown a picture of the dog to Wolfe or Ms. Levan, nor an image of the Dollar General bag.

{¶14} After Ms. Evans' testimony, the Village offered its exhibits and rested its case. Wolfe called no witnesses and presented no evidence.

{¶15} The jury returned verdicts of guilty as to both co-defendants on the abandonment charge in violation of R.C. 959.01 and verdicts of not guilty as to the cruelty to companion animal charges in violation of R.C. 959.131.

{¶16} The trial court proceeded to sentence Wolfe to sixty days of incarceration in the county jail plus a fine of $250.00 and court costs. The trial court denied a request that the sentence be stayed.

*Assignment of Error*

{¶17} Wolfe raises one assignment of error,

{¶18} "I. THE JURY'S VERDICT THAT THE APPELLANT COMMITTED ABANDONING ANIMALS IN VIOLATION OF SECTION 959.01 OF THE OHIO REVISED CODE IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE. SEE ENTRY OF CONVICTION, DATED 05/26/2016; TR. AT 148."

*Law and Analysis*

{¶19} Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.; see also *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶ 146; *State v. Clay*, 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶ 68.

{¶20} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio–355. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis sic.) Id. at 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed. 1990) at 1594.

{¶21} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting

testimony. Id. at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, supra, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id.

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶22} In the case at bar, Wolfe was convicted of Abandoning Animals. R.C. 959.01 provides, "No owner or keeper of a dog, cat, or other domestic animal, shall abandon such animal."

{¶23} Ms. Evans conceded there were possibly other puppies in the litter from Michael Moyer. Wolfe argues that the Village failed to show that the dog found at the

Dollar General store is the same dog that Ms. Levan was talking about when she discussed the plastic bag and the fingerprints. Wolfe further contends the Village did not show that Wolfe was the owner or keeper of the dog as opposed to Ms. Levan. The only evidence presented as to his personal ownership interest in the dog as opposed to Levan's is that he signed a form relinquishing rights to the dog. Finally, Wolfe argues the Village presented insufficient evidence as to the act of abandonment.

**{¶24}** Abandonment will not be presumed but requires affirmative proof of a person's intent to totally discard the property. *Kiser v. Board of Commrs*, 85 Ohio St. 129, 97 N.E. 52 (1911); *Accord, State v. Amos,* 5th Dist. Ashland No. 14-COA-01, 2014-Ohio-3097, 17 N.E.3d 9, ¶21.

**{¶25}** Evidence was presented that the puppy was inside a plastic bag that had been tied shut and left in an abandoned area behind the Dollar General store.

**{¶26}** Viewing the evidence in the case at bar in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that the puppy had been abandoned.

**{¶27}** Humane Society Agent Paula Evans testified that she had spoken with Wolfe alone at his home,

> I had a conversation with him. He explained to me that yes, there were two [puppies]; one had passed away. Him and his wife, and him [sic.] were on the porch. The other puppy was put in the bag, it was on the bag. And, at that point, an unidentified man came up and down the street with two dogs and the puppy was handed over to that person

T. at 106. In addition, State's Exhibit 2 provided, in relevant part,

In consideration for the Licking County Humane Agent accepting the animal described above, I hereby voluntarily warrant, legally represent, understand and agree as follows:

1. I am the sole lawful owner or the sole duly authorized representative of the owner of the animal described above, and I have unrestricted authority to surrender the animal to the Licking County Humane Agent. I hereby relinquish to the Licking County Humane Agent any and all rights of ownership. These animals are the property of the undersigned, and I am responsible for any legal claims by anyone else for these surrendered animals.

* * *

I HEREBY ACKNOWLEDGE THAT I HAVE READ (OR HAD READ TO ME) AND UNDERSTAND THE FORGOING STATEMENT AND CONDITIONS OF ANIMAL SURRENDER, I FURTHER ACKNOWLEDGE THAT NO THREATS OR PROMISES HAVE BEEN MADE TO ME REGARDING FUTURE LEGAL PROCEEDINGS.

{¶28} Wolfe signed the document as the "Owner or Representative."

{¶29} Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Wolfe committed the crime of abandoning animals. We hold, therefore, that the state met its burden of production regarding each element of the crimes of abandoning animals and, accordingly, there was sufficient evidence to support Wolfe's conviction.

**{¶30}** As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence, upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA–5758, 1982 WL 2911(Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction*, 54 Ohio St.2d 279, 376 N.E.2d 578(1978). The Ohio Supreme Court has emphasized: "'[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.'" *Eastley v. Volkman*, 132 Ohio St.3d 328, 334, 972 N.E. 2d 517, 2012-Ohio-2179, *quoting Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). Furthermore, it is well established that the trial court is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown*, 9th Dist. No. 21004, 2002–Ohio–3405, ¶ 9, *citing State v. DeHass*, 10 Ohio St .2d 230, 227 N.E.2d 212(1967).

**{¶31}** Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai*, 7th Dist. Mahoning No. 07 MA 198, 2008-Ohio-6635, ¶31, *quoting State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964 (2nd Dist. 2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of

the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002-Ohio-1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).

**{¶32}** The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶118. *Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

**{¶33}** The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP-739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). Indeed, the jury need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks, supra.*

{¶34} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The jury neither lost his way nor created a miscarriage of justice in convicting Wolfe of the charge.

{¶35} Based upon the foregoing and the entire record in this matter, we find Wolfe's conviction was not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury as a trier of fact can reach different conclusions concerning the credibility of the testimony of the state's witnesses and Wolfe's arguments. This court will not disturb the jury's finding so long as competent evidence was present to support it. *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The jury heard the witnesses, evaluated the evidence, and was convinced of Wolfe's guilt.

{¶36} Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime beyond a reasonable doubt.

{¶37} Wolfe's sole assignment of error is overruled.

{¶38} The judgment of the Licking County Municipal Court is affirmed.


By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur